UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YACOUBA DIARRA,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>COASTAL ALASKA PREMIER SEAFOODS, LLC, AND F/V DEEP PACIFIC LLC, *IN PERSONAM*; THE F/V DEEP PACIFIC, OFFICIAL NUMBER 640128, HER ENGINES, MACHINERY, APPURTENANCES AND CARGO, *IN REM*,<br><br>　　　　　　　　　　Defendants. | Case No.: 2:19-cv-01070-RSL<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE AND COMPEL ARBITRATION** |

THIS MATTER comes before the Court on Defendants' Motion to Stay Case and Compel Arbitration. Dkt. # 19. Having reviewed the pleadings in this matter it is hereby ORDERED that:

1. Defendants' Motion to Stay Case and Compel Arbitration is hereby GRANTED. The Ninth Circuit applies a four-factor test when determining whether to enforce an arbitration clause under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, which is codified in the second chapter of Title 9 of the United States Code. Balen v. Holland Am. Line Inc., 583 F.3d 647, 654 (9th Cir. 2009); Rogers v. Royal Caribbean Cruise Line, 547 F.3d 1148, 1152 (9th Cir. 2008). The parties dispute whether the fourth factor is satisfied in this case. Plaintiff, relying on a

**ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE AND COMPEL ARBITRATION - 1**

treatise, posits that the fourth factor requires that "the matter must not be entirely domestic in scope and argues that an injury occurring on a U.S.-flagged vessel in U.S. waters is "as 'domestic' as it gets." Dkt. # 22 at 1-2 (quoting Thomas J. Schoenbaum, Admiralty and Maritime Law § 6:13 (6th ed. 2018)). The Ninth Circuit's formulation of the fourth factor makes clear, however, that if a party to the agreement is not an American citizen, the dispute is not entirely domestic in scope. Balen, 583 F.3d at 654-55 (an arbitration agreement will be enforced under the Convention if "(4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.") (quoting Bautista v. Star Cruises, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005)). Plaintiff does not dispute defendant's contention that he is a citizen of Mali.

2. This matter is hereby STAYED. The Clerk of Court is directed to enter a statistical termination in this case. Such termination is entered solely for the purpose of removing this case from the Court's active calendar. If a motion to confirm or vacate the arbitral award is necessary, it may be filed under this cause number.

3. Pursuant to the arbitration agreement between the parties and the Convention, the parties are directed to proceed to arbitration in either Seattle, Washington or Anchorage, Alaska.

IT IS SO ORDERED.

Dated this 14th day of January, 2020.

*[signature]*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

**ORDER GRANTING DEFENDANTS' MOTION TO STAY CASE AND COMPEL ARBITRATION - 2**