UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YACOUBA DIARRA,<br><br>               Plaintiff,<br><br>vs.<br><br>COASTAL ALASKA PREMIER SEAFOODS, LLC, *et al.*,<br><br>               Defendants. | Case No.: 2:19-cv-01070-RSL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, CERTIFICATION, AND/OR INTERLOCUTORY APPEAL** |

THIS MATTER comes before the Court on Plaintiff's Motion for Reconsideration of the Order Granting Defendants' Motion to Stay Case and Compel Arbitration; Motion for FRCP 54(b) Certification; and Order Allowing Interlocutory Appeal Pursuant to 28 U.S.C. § 1292; All in the Alternative. Dkt. # 29. Plaintiff argues that compelling plaintiff to arbitrate his claims "will change the legal landscape that has existed since the Jones Act was passed 100 years ago" and result in the unequal treatment of injured seaman working side by side.[1] Plaintiff at no point acknowledges that the Ninth Circuit's four-part test for determining whether to enforce an arbitration agreement under the Convention on the Recognition and Enforcement of Foreign

---

[1] In reply, plaintiff argues that "[a]llowing a jury trial to an injured U.S. citizen working on a U.S.-flagged vessel but not allowing a jury trial to a non-U.S. citizen working at the same job aboard the same vessel and sustaining a similar injury constitutes impermissible discrimination based upon citizenship." Dkt. # 31 at 3. No statute, constitutional provision, or case law are cited in support of this statement. Because the argument was not timely raised or properly supported, it has not been considered.

**ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION, CERTIFICATION, AND/OR
INTERLOCUTORY APPEAL - 1**

Arbitral Awards expressly provides for arbitration when "a party to the agreement is not an American citizen . . . ." *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654-55 (9th Cir. 2009) (quoting *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 (11th Cir. 2005)). Plaintiff has not, therefore, shown manifest error in the Court's prior ruling. Nor has he shown that an immediate appeal to the Ninth Circuit is appropriate under either Fed. R. Civ. P. 54(b) or 28 U.S.C. § 1292(b).

For all of the foregoing reasons, plaintiff's motion for reconsideration and request for certification for interlocutory appeal (Dkt. # 29) are DENIED.

Dated this 28th day of February, 2020.

*MS Lasnik*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, CERTIFICATION, AND/OR INTERLOCUTORY APPEAL - 2**